**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 17 2012, 8:41 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| DARRELL HALL, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 49A02-1201-CR-5 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Deborah J. Shook, Master Commissioner
Cause No. 49F08-1110-CM-70391

**August 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Darrell Hall was charged with Class A misdemeanor battery for an incident involving his sister Tammy Hall and convicted of the lesser included offense of Class B misdemeanor battery. He now appeals the accuracy of the abstract of judgment, which shows that he was convicted of Class A misdemeanor battery. We remand.

In October 2011, the State charged Hall with Class A misdemeanor battery. The information alleged that he knowingly touched Tammy in a rude, insolent, or angry manner and that the touching resulted in bodily injury to Tammy in the form of pain.

Tammy did not testify at Hall's bench trial. Instead, Tammy and Hall's sister, Latonya Hall, testified for the State. Latonya testified that Hall and Tammy had been arguing for about fifteen minutes. Tammy threatened to call the police if Hall hit her. Latonya told Hall to leave Tammy alone and then left the room to get her grandchild ready for school. When she came back, she saw Tammy up against the wall, and Hall had the palm of his hand flat against Tammy's chest, just below her neck.

After the State rested, Hall moved for involuntary dismissal. The State conceded that there was not enough evidence to support the Class A misdemeanor, which would have required evidence of bodily injury, *see* Ind. Code § 35-42-2-1(a)(1)(A) (2009), but argued that the evidence supported the lesser included offense of Class B misdemeanor battery. The trial court denied Hall's motion.

After Hall testified in his own defense, the court found him guilty of the lesser included Class B misdemeanor:

> I don't have any reason . . . to disbelieve this witness who is reluctant to be
> here and doesn't want to get her brother into trouble. But he pushed the

woman against the wall, the alleged victim, against the wall and I'm finding him guilty [of] the lesser included B misdemeanor battery.

Tr. p. 23. The court sentenced Hall to 180 days, which is the maximum term for a Class B misdemeanor.[1] *See* Ind. Code § 35-50-3-3 (1977). The judgment of conviction shows that Hall was convicted of a Class B misdemeanor, but the abstract of judgment shows that he was convicted of a Class A misdemeanor.

Hall contends that the abstract of judgment incorrectly shows that he was convicted of Class A misdemeanor battery. The State agrees. We conclude that the clear intent of the trial court was to convict Hall of Class B misdemeanor battery. We therefore remand with instructions to correct the abstract of judgment to so reflect. *See Willey v. State*, 712 N.E.2d 434, 445 n.8 (Ind. 1999) ("Based on the unambiguous nature of the trial court's oral sentencing pronouncement, we conclude that the Abstract of Judgment and Sentencing Order contain clerical errors and remand this case for correction of those errors.").

Remanded with instructions.

BAKER, J., and VAIDIK, J., concur.

---

[1] The court ordered 132 days executed, for which Hall had jail credit, and 48 days suspended.